**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**CIVIL ACTION NO. _____**

AL'MORION GERMANY,

Plaintiff,

v.

CITY OF COLORADO SPRINGS; BENJAMIN HENGEL, in his individual and official
capacities; and JOHN DOES 1-10, in their individual and official capacities,

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Al'morion Germany, by and through his undersigned counsel, Steven T. Nolan,

of Steven T. Nolan, P.C., files this Complaint against Defendants City of Colorado Springs,

Benjamin Hengel, and John Does 1-10, and alleges as follows:

**I.      INTRODUCTION**

1. This is a civil rights and wrongful injury action arising under 42 U.S.C. § 1983 and

   Colorado State law for the unconstitutional and negligent shooting of Plaintiff Al'morion

   Germany by an officer of the Colorado Springs Police Department ("CSPD") on June 9,

   2024.

2. On June 9, 2024, Plaintiff, an individual fleeing an altercation, was shot twice in the back

   by Defendant Officer Benjamin Hengel without probable cause to believe Plaintiff posed

   a significant threat of death or serious physical injury to the officers or others, in violation

   of the Fourth Amendment as established by *Tennessee v. Garner*, 471 U.S. 1 (1985), and

1

*Graham v. Connor*, 490 U.S. 386 (1989), and in violation of Colorado Law, C.R.S. §13-21-131, C.R.S. §18-1-707 and Colorado Tort Law.

3. The City of Colorado Springs is liable for maintaining policies, customs, or practices, including inadequate training and supervision, that caused the unconstitutional use of deadly force, pursuant to *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

4. Plaintiff seeks compensatory and punitive damages, attorney's fees, costs and injunctive relief to remedy the severe physical, emotional, and financial injuries caused by Defendants' actions.

## II.    JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims arising under 42 U.S.C. § 1983 and the U.S. Constitution.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims, as they arise from the same case or controversy.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Colorado Springs, El Paso County, Colorado, within this Judicial District.

## III.    PARTIES

8. Plaintiff Al'morion Germany is an individual residing at 6275 White Wolf Point, Colorado Springs, CO 80925.

9. Defendant City of Colorado Springs is a Colorado municipal corporation organized under the laws of the State of Colorado and is a "person" subject to suit under 42 U.S.C. § 1983. The Colorado Springs Police Department is a law enforcement agency that is part

2

of the City of Colorado Springs. The City of Colorado Springs is responsible for the oversight, supervision, discipline, training, policies, practices, and operations of the Colorado Springs Police Department ("CSPD"), located at 705 South Nevada Avenue, Colorado Springs, CO 80903, including Defendant Hengel.

10. Defendant Hengel at all times relevant to this action was a citizen of the United States and a resident domiciled in Colorado. At all times pertinent, Defendant Hengel was acting within the scope of his official duties and employment and under color of state law in his capacity as a CSPD law enforcement officer employed by the Colorado Springs Police Department, who shot Plaintiff on June 9, 2024.  He is sued in his individual and official capacities.

11. Defendants John Does 1-10 are unknown CSPD officers or supervisors who participated in or contributed to the incident, including those listed in Exhibit 1 of Plaintiff's Governmental Immunity Notice, acting under color of state law. They are sued in their individual and official capacities and will be identified through discovery.

## IV.    FACTUAL ALLEGATIONS

12. On June 8, 2024, Plaintiff Al'morion Germany visited the Nova nightclub at 18 South Nevada Avenue, Colorado Springs, CO during the late evening hours.

13. Shortly after midnight on June 9, 2024, an altercation occurred inside Nova involving Plaintiff, his friends, and another group, including Travis Frisbey and Kristain Frisbey.

14. At approximately 12:59 a.m., the altercation continued outside Nova. Plaintiff was not involved in any altercation with law enforcement and was unaware of CSPD's presence.

3

15. CSPD officers, including Defendant Hengel, and two other officers, Kristofer Czajkowski, and Sergeant J. Maxson, were outside the Nova nightclub for a different call unrelated to this matter.

16. CSPD officers, including Defendant Hengel, and two other officers, Kristofer Czajkowski, and Sergeant J. Maxson then responded to the scene and ran toward the altercation involving Plaintiff and both the Frisbeys.

17. Upon seeing the officers, Plaintiff, fearing for his safety, fled north on Nevada Avenue toward Pikes Peak Avenue, away from both the Frisbeys and the officers.

18. Plaintiff turned west onto the south side of Pikes Peak Avenue. Defendant Hengel, Czajkowski, and Maxson pursued Plaintiff.

19. Approximately half a block from Defendant Hengel, while Plaintiff was running away and posing no immediate threat, Defendant Hengel drew his service weapon and fired three shots, striking Plaintiff in the back and neck.

20. One bullet struck Plaintiff's upper left trapezius area, and the second struck his upper right trapezius area, and the third grazed his neck, all causing severe injuries.

21. Plaintiff crossed Pikes Peak Avenue and collapsed on the north side sidewalk between Tejon Street and Nevada Avenue.

22. Upon information and belief, Defendant Hengel claimed Plaintiff possessed a handgun during the altercation outside Nova and did not drop it until after being shot. Plaintiff denies posing any threat to officers or others, and any alleged handgun was not used or displayed in a threatening manner during his flight.

23. Neither Officer Czajkowski nor Sergeant Maxson fired their weapons.

4

24. None of the officers or Sergeant involved, at any point, warned Plaintiff Germany that they would use deadly force if Plaintiff Germany continued to run away.

25. Plaintiff was transported to Memorial Hospital in Colorado Springs, where he underwent emergency surgery for the gunshot wounds. He suffered a collapsed right lung, damage to internal organs, and injuries to his upper back, cervical region, and upper extremities.

26. Plaintiff remained in intensive care for approximately three days, was hospitalized for seven days, and continues to receive medical treatment, including anticipated surgery, physical therapy and evaluations.

27. Plaintiff's injuries include but are not limited to, permanent physical impairment, pain, numbness, loss of range of motion, strength, grip, and mobility, as well as emotional distress, mental anguish, psychological damages, disfigurement, loss of enjoyment of life, medical expenses, and lost earnings.

28. Plaintiff complied with the Colorado Governmental Immunity Act (CGIA), C.R.S. § 24-10-109, by filing a timely Notice of Claim on or before December 6, 2024, within 182 days of the incident. See attached **Exhibit 1** to the Complaint – CGIA Notice.

## V.    CAUSES OF ACTION

### A.  First Claim for Relief: 42 U.S.C. § 1983
### B.  – Excessive Force (Fourth Amendment)
### Against All Defendants

29. Plaintiff incorporates all prior allegations.

30. Defendant Hengel, acting under color of state law, used excessive force by shooting Plaintiff three times in the back and neck while Plaintiff was fleeing and posing no significant threat of death or serious physical injury to officers or others.

31. This use of deadly force was objectively unreasonable under *Tennessee v. Garner*, 471 U.S. 1 (1985), and *Graham v. Connor*, 490 U.S. 386 (1989), violating Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

32. Under the 4th amendment, as incorporated against the states by the 14th amendment, Al'morion Germany had a constitutionally protected right to be secure in his person against unreasonable seizures through the use of excessive force. It is clearly established that excessive force violates the Constitution. Specifically, it has been clearly established since 1985 that it is unconstitutional to use deadly force to stop a fleeing felon when the officer does not have probable cause to believe the suspect posed a significant threat to a police officer or any other person if not immediately apprehended.

33. Under the application of the specific facts and totality of circumstances as described herein, Defendant Hengel violated the clearly established Constitutional rights of Plaintiff Germany.

34. Any reasonable law enforcement officer knew or should have known of this clearly established right at the time of Plaintiff Germany's shooting.

35. Defendant Hengel did not have a legally valid basis to seize Plaintiff Germany in the manner and with the level of force used under the circumstances present.

36. Defendant Hengel seized Plaintiff Germany by means of objectively unreasonable and excessive deadly force when he shot him without having even a reasonable belief that Plaintiff Germany posed a significant threat to any officer or any other person if not immediately apprehended.

37. Defendant Hengel had no basis to believe that he or any other person was at imminent risk of death or serious bodily injury such as to justify deploying deadly force rather than other measures to apprehend Plaintiff Germany as a suspect in an earlier crime.

38. The decision to employ deadly force by shooting Plaintiff Germany in the back multiple times, when other less than lethal force was readily available, was excessive under the circumstances.

39. Defendant Hengel's actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him. Any reasonable officer in his position would have known that it was unreasonable to use deadly force under the totality of the circumstances and that to do so would violate Plaintiff Germany's clearly established constitutional rights.

40. Defendant Hengel acted as he did pursuant to and because of the customs, policies, training, and/or practices of the Defendant City of Colorado Springs.

41. Defendant Hengel's actions were the direct result of the Defendant City of Colorado Springs (1) promulgation, creation, implementation, or enforcement of policies customs, or practices that failed to provide that CSPD officers, including Defendant Hengel, could use deadly force against fleeing suspect only when constitutional requirements for such force was met and/or (2) deliberate choice to follow a course of action from among various alternatives available to these Defendants of not adequately training or supervising CSPD officers, including Defendant Hengel, regarding the constitutional use of deadly force, given that the need for such training and supervision was so obvious, and the inadequacy of training and/or supervision was so likely to result in the violation of constitutional rights such as those described herein.

42. Defendant City of Colorado Springs knew that CSPD officers would be required to arrest fleeing suspected felons in the execution of their official law enforcement duties. The City armed its officers with firearms, in part to allow them to accomplish this task. Thus, in light of the duties and responsibilities of CSPD officers who are inevitably called on to arrest fleeing suspected felons, the need to train CSPD officers in the constitutional limitations on the use of deadly force was so obvious that Defendant City of Colorado Springs failure to do so constituted deliberate indifference to Plaintiff Germany's constitutional rights.

43. Defendant City of Colorado Springs adheres to a policy and practice of permitting the use of deadly force on a felony suspect where there is probable cause to believe the suspect had earlier committed a crime with a gun, even when there is no immediate risk of death or serious bodily injury later when the officer uses deadly force. Adherence to such a policy makes the unconstitutional use of deadly force permissible under official city policy.

44. The City of Colorado Springs knew or should have known that its acts and/or omissions were substantially certain to cause CSPD officers, including officer Hengel, to violate individual's Constitutional rights to be free from excessive force, and they consciously or deliberately chose to disregard this risk of harm and adhering to their policy, custody, or practice of failing to provide that CSPD officers use deadly force against suspected fleeing felons only within constitutional limits, and/or in deliberately choosing not to provide adequate training to CSPD officers in this area.

45. Therefore, Defendant City of Colorado Springs set in motion a series of events that it knew would cause an individual in a similar situation as Plaintiff Germany to be deprived

of the Constitutional right to be free from excessive force at the hands of law

enforcement. But for the above acts and/or omissions of Defendant City of Colorado

Springs, Plaintiff Germany would not have been subjected to a violation of his Fourth

Amendment rights, and such a deprivation was a proximate cause and natural and

foreseeable consequence of these acts and/or omissions.

46. As a direct and proximate cause and consequence of Defendants' unconstitutional acts

and/or omissions, described above, Plaintiff Germany suffered injuries, damages, and

losses.

47. The herein described acts and/or omissions of Defendants are the moving force and the

legal, direct, and proximate cause of Plaintiff Germany's injuries and losses, including

but not limited to severe physical injuries, emotional distress, and economic losses.

48. Defendant Hengel is not entitled to qualified immunity, as the right to be free from deadly

force absent a significant threat was clearly established at the time of the incident.

49. The actions or inactions of Defendants as described herein intentionally deprived Plaintiff

Germany of due process and of rights, privileges, liberties, and immunities secured by the

Constitution of the United States of America.

### C. Second Claim for Relief: 42 U.S.C. § 1983 – Municipal Liability (Monell) Against City of Colorado Springs

50. Plaintiff incorporates all prior allegations.

51. The City of Colorado Springs, through CSPD, maintained policies, customs, or practices

that were the moving force behind the Constitutional violations, including: a. Authorizing

or tolerating the use of deadly force against fleeing, non-threatening suspects. b. Failing

to adequately train officers on the constitutional limits of deadly force under *Tennessee v.*

*Garner* and *Graham v. Connor*. c. Failing to supervise or discipline officers for excessive force, fostering a culture of impunity.

52. These policies or customs reflect deliberate indifference to Plaintiff's Constitutional rights, as evidenced by prior incidents, including the shooting of De'Von Bailey in 2019.

53. The City's actions or omissions directly caused Plaintiff's injuries and losses.

**D.  Third Claim for Relief: Violation of C.R.S. § 13-21-131 – Excessive Force by Peace Officer**
**Against Defendant Hengel**

54. Plaintiff incorporates all prior allegations.

55. Defendant Hengel, acting as a peace officer under color of state law, used excessive force against Plaintiff by shooting him twice in the back and once in the neck while Plaintiff was fleeing and posing no immediate threat of serious bodily injury or death to any officer or other person, in violation of C.R.S. § 13-21-131.

56. Pursuant to C.R.S. § 13-21-131(2)(a), a peace officer's use of excessive force, including physical force that exceeds the degree of force permitted under C.R.S. § 18-1-707, creates a civil cause of action for damages.

57. C.R.S. § 18-1-707(2) permits a peace officer to use deadly physical force only when the officer has an objectively reasonable belief that such force is necessary to prevent death or serious bodily injury to the officer or another person, or to effect an arrest of a person who has committed certain serious felonies and whose escape would create a substantial risk of death or serious bodily injury.

58. Defendant Hengel's use of deadly force was not justified under C.R.S. § 18-1-707, as Plaintiff was not posing an immediate threat, had not committed a felony involving

conduct presenting a serious threat of death or serious bodily injury, and his flight did not create a substantial risk of such harm.

59. Defendant Hengel's actions violated C.R.S. § 13-21-131 by using physical force that was excessive and not reasonably necessary to carry out a lawful purpose, such as apprehending Plaintiff.

60. As a direct and proximate result of Defendant Hengel's excessive force, Plaintiff suffered severe physical injuries, including but not limited to, gunshot wounds, a collapsed lung, and permanent impairment, as well as emotional distress, medical expenses, lost wages, and loss of enjoyment of life.

61. Defendant Hengel's conduct was willful and wanton, negating any immunity under the CGIA, per C.R.S. § 24-10-118, and entitling Plaintiff to damages under C.R.S. § 13-21-131(2).

62. Plaintiff is entitled to reasonable attorney's fees and costs under C.R.S. § 13-21-131(2)(c) for prevailing on this claim.

### E.  Fourth Claim for Relief: Negligence (Colorado Law)
### Against All Defendants

63. Plaintiff incorporates all prior allegations.

64. Defendants' actions constituted negligence or willful and wanton conduct under Colorado law, causing Plaintiff's severe injuries and near-fatal harm.

65. Pursuant to Colorado tort law, Defendants are liable for Plaintiff's injuries, including physical impairment, medical expenses, lost wages, pain, physical pain and suffering, emotional distress, and loss of enjoyment of life.

66. The CGIA's immunity provisions do not apply, as Defendants' conduct was willful and wanton, per C.R.S. § 24-10-118.

### F.  Fifth Claim for Relief: Battery (Colorado Law)
### Against Defendant Hengel

67. Plaintiff incorporates all prior allegations.

68. Defendant Hengel intentionally shot Plaintiff, causing harmful contact without consent or justification, constituting battery under Colorado law.

69. This battery caused Plaintiff's injuries and losses.

70. Defendant Hengel's conduct was willful and wanton, negating CGIA immunity.

## VI.    DAMAGES

71. As a direct and proximate result of Defendants' actions, Plaintiff suffered: a. Physical injuries, including three gunshot wounds, a collapsed lung, and permanent impairment. b. Ongoing pain, numbness, loss of mobility, strength, and grip. c. Emotional distress, mental anguish, and psychological damages. d. Medical expenses, past and future. e. Lost wages and loss of earning capacity. f. Disfigurement, physical impairment, and loss of enjoyment of life.

72. Plaintiff estimates damages at $7,000,000, subject to further medical evaluations and recovery.

## VII.    REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants on all claims.

B. Award compensatory damages in the amount of $7,000,000 or as proven at trial.

C. Award punitive damages against the Defendants for willful and wanton conduct.

D. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and C.R.S. 13-21-131 (Colorado law).

12

E. Grant injunctive relief, including but not limited to: i. Mandatory CSPD training on

Constitutional limits of deadly force. ii. Policy reforms to prevent excessive force against fleeing

suspects. iii. Independent oversight of CSPD use-of-force incidents.

F. Grant such other and further relief as the Court deems just and proper.

### VIII.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated this 4th day of June, 2025.


                                        Respectfully submitted,

                                        *Attorneys for Plaintiff*


                              By:      /s/ Steven T. Nolan
                                        Steven T. Nolan, #15369
                                        STEVEN T. NOLAN, P.C.
                                        1021 South Tejon Street
                                        Colorado Springs, CO  80903


Plaintiff's Address:

c/o Steven T. Nolan, P.C.
1021 South Tejon Street
Colorado Springs, CO  80903